484

G. G. McCOOL and J. W. Tarver, Trustee of the Totty N. McCool Trust, Plaintiffs,

v.

RIVER GULF CORPORATION and Frederick E. Thompson, Defendants.

No. GC 7144–S.

United States District Court,
N. D. Mississippi,
Greenville Division.

Oct. 5, 1971.

Roy D. Campbell, Jr. and James L. Robertson of Campbell, DeLong, Keady, Robertson & Hagwood, Greenville, Miss., for plaintiffs.

J. A. Lake and Frank S. Thackston of Lake, Tindall & Hunger, Greenville, Miss., John C. Ridley, Houston, Tex., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on two motions, one by the plaintiffs and the other by defendant Frederick E. Thompson.

Thompson moves the court to transfer this action to the United States District Court for the Eastern District of Louisiana, Baton Rouge Division. This defendant admits that the action is not subject to transfer under 28 U.S.C.A. § 1404(a) since the action could not have been brought initially in the Louisiana court, but he proposes to enter his appearance in the Louisiana court should the court order the transfer of the action.

Assuming, arguendo, that the court would be justified in ordering the transfer upon such promise, this leaves unanswered the effect the transfer would have upon the other defendant, River Gulf Corporation.

However, the court is not persuaded that the court would be justified in circumventing the statutory provision upon the premise that defendant would voluntarily appear in the Louisiana court and defend the action. Hoffman

v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

Defendant Thompson suggests that the court, in its discretion, may transfer the action on the common law ground of "Forum Non Conveniens". However, the court is not satisfied, under the facts as shown in the records and file of the action, that he should exercise this discretion.

The court finds that the motion for a change of venue is not well taken and should be overruled.

On June 25, 1971 plaintiff served defendant Thompson with interrogatories, pursuant to Rule 33, Fed.R.Civ.P. The rule required that Thompson serve a copy of his answers to the interrogatories, and objections, if any, on plaintiffs within thirty days after service of the interrogatories. Thus, service of the answers, and objections, if any, was required on July 26, 1971 (July 25, 1971 was Sunday). Thompson did not file timely answers.

On September 2, 1971 plaintiffs' counsel filed a motion with the court seeking an order to compel defendant Thompson to answer the interrogatories. At that time counsel informed attorneys representing Thompson that the motion would be presented to the court on the court's regular Motions Day, September 29, 1971, but, that, if answers to the interrogatories were filed and served prior to that date the motion would be withdrawn and the matter mooted.

Thompson filed and served answers to the interrogatories on September 24, 1971, but made objections to several interrogatories on the ground that such interrogatories prematurely sought to discover property, money and other assets from which plaintiffs might satisfy a money judgment against him, if, as and when obtained.

Plaintiffs contend that Thompson waived his right to object to any of the interrogatories when he failed to timely file and serve answers, and objections, if any, and that he must now answer the interrogatories even though, at this stage of the proceedings, the answers might not be relevant and material to the issues formed by the pleadings.

Being unaware that objections might be made plaintiffs' counsel agreed that Thompson might file and serve answers prior to the date upon which the motion was to be submitted to the court. The subject of the understanding between counsel relates to "answers". The above mentioned rule provides, in part, "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer".

The court finds that under the circumstances Thompson should not be required to answer the interrogatories to which he has made objections at this stage of the proceedings.

Plaintiffs' said motion will be overruled.